UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR T. GRIFFIN, JR.,

        Plaintiff,                         Case No.: 03-CV-75079-DT

                                               HON. NANCY G. EDMUNDS
vs.                                         MAG. JUDGE WALLACE CAPEL, JR.

DETROIT PUBLIC SCHOOLS,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.**    **INTRODUCTION**

Before the Court is "Defendant Detroit Public Schools Motion for Summary Disposition," filed in the Eastern District of Michigan on May 27, 2005.

**II.**    **STATEMENT OF FACTS**

The present case arises from Plaintiff Arthur Griffin's claim that he has been aggrieved by the Michigan Department of Education hearing officer's decision not to enforce the corrective action against Defendant Detroit Public Schools. Plaintiff states in his Complaint that he has a right to bring the present civil action pursuant to 34 C.F.R. § 300.512. (Exhibit A). It further states that the underlying basis of his claim is Defendant's failure to comply with 34 C.F.R. § 300.306 and 34 C.F.R. § 300.350(a). The factual background of Plaintiff's claim is as follows:

Plaintiff, Arthur Griffin, Jr., is the father of Arthur Griffin, III, special education student, Detroit Public Schools. On August 25, 2003, Plaintiff filed a formal complaint with the Michigan Department of Education Office of Specialized Student Services. In the complaint, Plaintiff alleges

1

that Detroit Public Schools failed to provide special services (transportation) for his son in accordance with his Individual Evaluation Plan (IEP). Plaintiff charged that public transportation was to begin for Arthur, III in August 2003, however, due to the school district's failure to include the correct pick-up point, the bus never showed up to transport the student, and Plaintiff's father had to provide transportation for his son. Plaintiff attached a letter from the Detroit Public Schools Office of Specialized Service, which informed him that the district would provide transportation for the 2003-2004 school year. The information package included a detailed notice to the parent regarding the terms of transportation services that would be provided. (Defendant's Exhibit C).

On September 15, 2003, Special Education Consultant David Soebbing, of Wayne County Regional Educational Service Agency [RESA] informed Plaintiff that he had conducted an investigation of his complaint and had found that the school district was in violation of 34 C.F.R. § 300.350(a)(1), which requires that special education students be provided their education related services. Section V of the RESA findings pointed out that the school district's violations were caused by a mistake. The district court did not include Plaintiff's correct address. (Defendant's Exhibit D).

In Section VI Recommendations, RESA recommends as follows: "As corrective action, it is recommended that the Detroit Public Schools reimburse Mr. Griffin for his mileage expenses for the 7 days that he transported Arthur to and from school." (Defendant's Exhibit D). On September 18, 2003, the Office of Special Education [OSE] and Early Intervention Services [EIS] confirmed the findings made by RESA. (Defendant's Exhibit E).

On October 7, 2003, the OSE/EIS sent a letter to Detroit Public Schools setting forth the detailed investigation, findings, and corrective actions under Section 300.350(a)(1). (Defendant's Exhibit F). Detroit Public Schools also received copies of the RESA investigative reports and findings.

2

During the period September 2003-November 2003, Detroit Public Schools sent the OSE a letter acknowledging the district's violations under Section 300.350(a)(1) and agreed that Plaintiff's son had not received the special education related services for transportation as set forth in his May 2003 IEP. The school district also sent proof of the payment drafts they sent Mr. Griffin, in order to comply with the corrective actions. The first draft was $87.08. The second check was for the differential amount $25.06. (Defendant's Exhibit G).

In January 2004, the OSE/EIS sent Griffin a letter in response to a letter Griffin had sent in December 2003. In the January letter, Jose Gomez, Jr., of the Office of Policy, Planning, and Compliance, explained that the discrepancy in mileage reimbursement arose from an incorrect calculation by Detroit Public Schools. The letter pointed out that the district had already reimbursed Plaintiff for 8.8 miles (based upon the incorrect calculation) and he was asking for only 8.6 miles (based upon the corrected mileage calculation). The Office of Policy, Planning, and Compliance further noted that "it is the interpretation of the OSE/EIS that time taken from work to transport a student to school when the district has not provided the required transportation is not a reimbursable action. Also, please note that reimbursement of mileage for transporting a student is only for the mileage that the student was actually transported." (Plaintiff's Exhibit 3).[1]

### III.   JURISDICTION AND STANDARD OF REVIEW

Under the Individuals with Disabilities Education Act [IDEA], § 601 et. seq., as amended, 20 U.S.C.A. § 1400 et. seq.

> Any party aggrieved by the findings and decision regarding an administrative complaint shall have the right to bring a civil action with respect to the complaint in any state court of competent

---

[1] Facts as stated above are adopted from the Defendant's Statement of Facts. These facts are not in issue in this case.

> jurisdiction or in a district court of the United States without regard to the amount in controversy. 20 U.S.C. § 1415(i)(2).

Under the IDEA, the district court, acting as a reviewing court:

> Shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate. 20 U.S.C. § 1415(i)(2)(B).

The Supreme Court has construed this provision to mean that an initial reviewing court should make an independent decision, based on the preponderance of the evidence, but also should give "due weight" to the determinations made during the state administrative process. *See* Board of Education of Hendrick Hudson Central School District, Westchester County, et. al. v. Rowley, 458 U.S. 176, 206, 102 S.Ct. 3034 (1982). The amount of weight due to administrative findings depends on whether the finding is based on educational expertise. Less weight is due to an agency's determinations on matters for which educational expertise is not relevant because a federal court is just as well suited to evaluate the situation. More weight is due to an agency's determinations on matters for which educational expertise is relevant. *See* Burilovich v. Board of Education of Lincoln Consolidated Schools, 208 F.3d 560, 567 (6th Cir. 2000). A reviewing court may not "substitute their own notions of sound educational policy for those of the school authorities which they review." Rowley, 458 U.S. at 206.

This modified de novo standard of review applies to both procedural and substantive matters. *See* Burilovich, 208 F.3d at 565. "According to this modified de novo standard of review, a district court is required to make findings of fact based on a preponderance of the evidence contained in the complete record, while giving some deference to the fact findings of the administrative

proceedings." Knable ex rel. Knable v. Bexley City School District, 238 F.3d 755, 764 (6th Cir. 2001). Accordingly, the traditional standard for reviewing summary judgment is not applicable.

## IV.   ANALYSIS

Plaintiff's claim in this case has merit. Nevertheless, his claim must be dismissed. In Cavanaugh ex rel. Cavanaugh v. Cardinal Local School District, 409 F.3d 753, 756 (6th Cir. 2005), the court held that "the IDEA does not grant parents the right to represent their child in federal court." The parent also may not pursue their own substantive IDEA claim pro se. Id. at 757; *see also*, Winkelman v. Parma City School District, 2005 WL 2293484 (6th Cir. (Ohio)), 205 Fed.App. 0795N. This action by Plaintiff violates both of those rulings.

## III.   CONCLUSION

For the reasons stated above, it is respectfully recommended that the Plaintiff's Complaint be **DISMISSED** without prejudice.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

s/Wallace Capel, Jr.
**WALLACE CAPEL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**Date:**   October 5, 2005

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: n/a.

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Arthur T. Griffin, Jr., P. O. Box 231364, Detroit, Michigan 48223, and Gina Smith-Gallant, 3011 W. Grand Boulevard, Detroit, Michigan 48202.

                                                s/James P. Peltier
                                                United States District Court
                                                Flint, Michigan 48502
                                                810-341-7850
                                                E-mail: pete_peltier@mied.uscourts.gov